United States District Court
Southern District of Texas
**ENTERED**
August 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PARTHEEPAN BALESWARAN, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05123 |
| | § | |
| RAYMOND THOMPSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court are Petitioner Partheepan Baleswaran's Petition for Writ of Habeas Corpus (Doc. #1); Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #5); and Petitioner's Response (Doc. #7). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Partheepan Baleswaran ("Petitioner"), a citizen of Sri Lanka, entered the United States on or about October 20, 2024, and has been detained by Immigration and Customs Enforcement ("ICE") continuously since that date. Doc. #1 at 6. On March 21, 2025, an immigration judge ordered Petitioner removed to Sri Lanka. Doc. #5, Ex. 1. The Board of Immigration Appeals dismissed Petitioner's appeal on December 10, 2025, at which point the removal order became administratively final. Doc. #5, Ex. 2. Petitioner then petitioned the Fifth Circuit for review, and on March 25, 2026, the Fifth Circuit granted a stay of removal pending its disposition of the Petition.[1] Doc. #1, Ex. 1. The stay prevents Respondents from executing the

[1] The Fifth Circuit's order explains that Petitioner "claims that the Sri Lankan military and security forces have repeatedly detained, interrogated, and tortured him between 2009 and 2024, suspecting

order of removal and tolls the statutory removal period under 8 U.S.C. § 1231(a)(1)(B)(ii), but does not disturb the order's finality. Petitioner is currently detained at the Joe Corley Processing Center. Doc. #1 at 4; Doc. #5 at 1.

Petitioner argues that his continued and prolonged detention is unlawful under Supreme Court precedent and violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 10-11 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). Generally, when a noncitizen's removal order becomes final, removal should occur within ninety days. 8 U.S.C. § 1231(a)(1)(A). Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into § 1231 and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate removal. *Zadvydas*, 533 U.S. at 689-90. This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period, once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.* Petitioner has now been in ICE custody for approximately 22 months—well beyond *Zadvydas*'s presumptively reasonable six-month period under any plausible starting point for the clock, whether measured from his initial detention or from the removal order's finality on December 10, 2025. Respondents' position that the removal period has been tolled since the

---

him of [Liberation Tigers of Tamil Eelam] involvement based on his injury and Tamil ethnicity. His account includes a detention and beating in 2009; an abduction, blindfolding, and beating severe enough to fracture a bone in his chest and cause blood clots in December 2012; regular beatings every two to three months thereafter; an interrogation coupled with being burned with cigarettes in 2017; continued interrogation roughly every five months from 2018 to 2020; an attempted suffocation with a gasoline-filled plastic bag in July 2021; another abduction, beating with an iron rod, and surgery for ruptured internal organs in mid-2022; a further abduction, stripping, dousing with cold water, and burning with cigarettes in January 2024; a beating in May 2024; and witnessing what he describes as the killing of another detainee by a military officer, who then held a gun to Petitioner's head and threatened to kill him. He fled Sri Lanka shortly thereafter." Doc. #1, Ex. 1 at 2.

Fifth Circuit's March 25, 2026 stay does not change this conclusion: even crediting that tolling argument in full, Petitioner's total time in custody—both before and independent of the tolled period—is far in excess of six months. Doc. #5 at 2, 5.

Respondents state that "Petitioner's detention is not unconstitutional, particularly in light of his anticipated removal," but offer only an expired Sri Lankan travel document in support. Doc. #5 at 2, Ex. 3 at 2 (Date of Expiry listed as July 9, 2026). An expired travel document is not evidence that removal is significantly likely in the reasonably foreseeable future, and Respondents cannot rest on bald assertions that removal is foreseeable without sufficient supporting evidence. "A theoretical possibility of eventually being removed does not satisfy the Government's burden once the removal period has expired and the petitioner establishes good reason to believe [that] his removal is not significantly likely in the reasonably foreseeable future." *Kane v. Mukasey*, 2008 WL 1139137, at *5 (S.D. Tex. 2008). Accordingly, Respondents cannot rebut Petitioner's showing under *Zadvydas*, and the Court finds that Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

The Court concludes that Petitioner's detention, without a significant likelihood of removal in the reasonably foreseeable future, violates his right to procedural due process. *See Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216, at *1 (W.D. Tex. Apr. 6, 2026) (granting habeas relief under *Zadvydas* where Petitioner had been detained for well over six months and Respondents were unable to effectuate his removal despite repeated efforts). After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Petitioner's Amended Petition for Writ of Habeas Corpus is

GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

8/12/26
Date

The Honorable Alfred H. Bennett
United States District Judge